**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL CHEVRESTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-5598 |
| | ) | |
| vs. | ) | Judge Harry D. Leinenweber |
| | ) | |
| PADDOCK PUBLICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**DEFENDANT'S RESPONSE IN OPPOSITION TO**</u>
<u>**RICHARD LIEBOWITZ'S MOTION FOR LEAVE TO APPEAR PRO HAC VICE**</u>

With leave of Court, Defendant Paddock Publications, Inc. ("Defendant") hereby responds to Richard Liebowitz's Motion for Leave to Appear Pro Hac Vice ("Motion").

## <u>INTRODUCTION</u>

Since graduating from law school four years ago, Mr. Liebowitz has displayed a surprising disregard for court rules in cases throughout the country. Federal judges have repeatedly sanctioned Mr. Liebowitz. Mr. Liebowitz recently expanded his extraordinarily high-volume litigation practice to the Northern District of Illinois and, unfortunately, continued his indifference towards court rules. This Honorable Court should not grant him access to appear in this District because doing so would essentially be a green light for Mr. Liebowitz to continue trampling upon the legal framework that supports our profession and to pillage defendants that lack the incentive to investigate and stand up for their rights. For the reasons described below, this Court should deny Mr. Liebowitz's Motion for leave to appear pro hac vice.

## I. BACKGROUND

The present case involves a copyright infringement claim arising from the alleged publication of a general interest news photograph in a 2013 article in *The Daily Herald*. The

alleged publication predates the registration claimed by Plaintiff, meaning this case has nominal value because 1) Plaintiff's claim does not qualify for statutory damages or attorneys' fees, and 2) photographers are typically unable to show lost profits or an infringing newspaper's profits from publication of one photograph. Additionally, this case presents a claim of Section 1202(a) of the Digital Millennium Copyright Act ("DMCA") on grounds that the photograph in question was allegedly published after removal of the photographer's name that serves as "copyright management" information under the DMCA. Although such a claim is potentially subject to statutory damages, remedies for Section 1202(a) violations are extraordinarily rare because a plaintiff needs to show that the defendant intentionally removed the photographer's name to "induce, enable, facilitate, or conceal infringement." *GC2 Inc. v. Int'l Game Tech., IGT, Doubledown Interactive LLC*, 391 F. Supp. 3d 828, 840 (N.D. Ill. 2019) (quotations omitted).

Thus, this case – which is similar to approximately 11 other cases Mr. Liebowitz filed in this District in August and September 2019 – is a case with extraordinarily low value, where the costs of defense are such that settlement as soon as a complaint is filed is a prudent approach by any defendant. Indeed, investing time and energy into challenging the *bona fides* of a case or its counsel is simply not justified. This means defendants must rely upon courts and rules to protect them against rogue claims or lawyers that disregard the rules that were enacted, in part, to ensure the administration of justice is "just, speedy, and inexpensive." F.R.C.P. 1.

## II. ARGUMENT

Mr. Liebowitz has violated the rules in this case, in other cases in this District, and in cases in other districts. Each category of violations alone should be enough to deny his Motion. Nevertheless, the totality of these infractions should leave no doubt in the Court's mind when it denies his Motion.

**A. Mr. Liebowitz has violated multiple rules in this case.**

Starting from day one of this case, Mr. Liebowitz has violated multiple Local Rules and Federal Rules of Civil Procedure. Defendant will describe them in the chronological order in which he violated them:

- Mr. Liebowitz violated Local Rule 83.15(a) when he filed the Complaint in this case without designating local counsel "at the time the initial notice or pleading [was] filed by the nonresident attorney." Mr. Liebowitz does not have an office in this District, as he signed the Complaint showing his office is located in Valley Stream, New York. [Dkt. 1, p. 6.] Mr. Liebowitz therefore is a nonresident attorney as he in an "attorney not having an office within this District." LR 83.15(a). The penalty for such a violation is to strike the documents he filed if he does not file a local counsel designation within 30 days. LR 83.15(b). The Complaint was filed on August 20, 2019. [Dkt. 1.] Mr. Liebowitz has not designate local counsel to date, nor did he designate local counsel within 30 days of filing, which was September 19, 2019. Thus, all of his filings should be stricken. The problems of having a nonresident attorney attempt to litigate a case without local counsel is demonstrated by Mr. Liebowitz's deposition notice that lists the location of a deposition he claims to want as "TBD." **Exhibit A**.

- Mr. Liebowitz violated Local Rule 83.12(a) when he filed the Complaint and other pleadings in this case without being a member in good standing of the general bar of this Court. "[O]nly members in good standing of the general bar of this Court may . . . file pleadings, motions or other documents." LR 83.12(a). The only exceptions to this are LR 83.14 and 83.15. *Id*. Mr. Liebowitz has not met either exception. First, as explained above, Mr. Liebowitz has not complied with LR 83.15. Second, LR 83.14 generally summarizes the procedures for being admitted pro hac vice, a process that Mr. Liebowitz has not yet completed and is the subject of this Response.

- Mr. Liebowitz violated Local Rule 83.16 by failing to file an appearance in this case. "[A]n appearance shall be filed by every attorney or senior law student who represents a party in any proceeding brought in this Court." LR 83.16(b). The rule explains that Mr. Liebowitz "shall file the form prior to or simultaneously with the filing of any motion, brief or other document . . . or at the attorney's initial appearance before a district judge . . . whichever occurs first." LR 83.16(d). Mr. Liebowitz failed to file an appearance when he filed any documents, his motion, and when he first appeared telephonically before this Court. "An attorney who fails to file an appearance form where required to do so by this rule may be sanctioned." LR 83.16(e). Thus, Mr. Liebowitz should be sanctioned.

- Mr. Liebowitz violated Federal Rule of Civil Procedure 26(d)(1) when he propounded discovery requests in this matter. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

F.R.C.P. 26(d)(1). Here, the parties had not yet conferred prior to October 7, 2019, the date Mr. Liebowitz sought discovery via 20 interrogatories and 42 document requests. **Exhibit B**. Moreover, this case does not fall under any of the exceptions listed in Rule 26(d)(1), such as this case falling under one of the categories found in F.R.C.P. 26(a)(1)(B), or this Court ordering such discovery.

- Finally, Mr. Liebowitz's Motion presents many instances of misinformation:

    o The four dates of admission Mr. Liebowitz lists for four federal district courts in New York are different from the dates listed in pro hac vice motions filed in two other cases in this District. *See Tabak v. The Rock River Times, Inc., et al*, 3:19-cv-50206 (Dkt. 8) and *Chin v. FDRLST Media, LLC*, 1:19-cv-5837 (Dkt. 12);

    o Mr. Liebowitz only lists one case in which he has a pending pro hac vice motion (*Tabak*) despite him having two pro hac vice motions pending in this District (*Tabak and Chin*).

    o It is unclear that Mr. Liebowitz has only been sanctioned three times, or whether he should also disclose cases where he and/or his clients had to pay attorneys' fees to defendants or other costs, as these have occurred in cases described in more detail in Section C.

**B.  Mr. Liebowitz has violated multiple rules in other cases in this District.**

As described in the Minute Entry by the Executive Committee, as of September 25, 2019, Mr. Liebowitz had filed twelve cases in this District without filing an appearance or a pro hac vice application. [Dkt. 5.] Mr. Liebowitz has exhibited four tactics in these twelve cases, plus a thirteenth case that was transferred into this District from the Southern District of Illinois:

- Tactic 1 is to continue to ignore the rules, which Mr. Liebowitz has done in five[1] of the thirteen cases. In three of these five, Mr. Liebowitz is also ignoring specific additional orders from the presiding judges directing him to comply with the Local Rules.

- Tactic 2 is to delay, which Mr. Liebowitz has done in two[2] of the thirteen cases. In both of these cases, Mr. Lieberman requests an extension of the initial status hearing due to the defendant's failure to respond – which may be occurring if defendants noticed the plaintiff's attorney is proceeding improperly.

---

[1] *Craig*, *Verch*, *Stross*, *Ward*, and *Longwell*.
[2] *Price* and *Southall*.

- Tactic 3 is to dismiss the case, which Mr. Liebowitz has done in three[3] of the thirteen cases. Mr. Lieberman dismissed *Sands* immediately after the Executive Committee minute entry, he dismissed *Harbus* four days after being ordered to file a pro hac vice motion, and dismissed *Geerds* prior to the Executive Committee catching on to his violations.

- Tactic 4 is to file a pro hac vice motion, which Mr. Liebowitz has done in three[4] of the thirteen cases. However, all three have contained misrepresentations, as detailed below, and were only filed ten minutes before a hearing (our case), after the judge threatened sanctions (*Tabak*), or immediately after the Executive Committee's minute entry (*Chin*).

Below Defendant will describe in more detail Mr. Liebowitz's violations in all of the thirteen cases in this District:

1. *Sands v. Christianity Today International*, 19-cv-5379: On August 8, 2019, Mr. Liebowitz filed his first case in this District. He only applied for a pro hac vice efiling account in order to file this case, and then 11 subsequent cases in this District. Mr. Liebowitz never designated local counsel or filed an appearance or pro hac vice application. On the same day and shortly after the Executive Committee noted on the docket these violations in all 12 cases, Mr. Liebowitz filed a notice of voluntary dismissal.

2. *Craig v. Popmatters Media, Inc.*, 19-cv-5596: On August 19, 2019, Mr. Liebowitz filed his second case in this District. Mr. Liebowitz never designated local counsel, or filed an appearance or pro hac vice application. On the same day and shortly after the Executive Committee noted on the docket these violations in all 12 cases, Judge Guzman submitted a minute entry directing Mr. Liebowitz to comply with Local Rules 83.14, 83.15, and 83.16 by October 15, 2019. [Dkt. 7.] At the time of this filing, Mr. Liebowitz has not complied with Judge Guzman's order or the Local Rules by filing any of the required documents in that case.

3. *Price v. Ear Hustle 411 LLC*, 19-cv-5597: On August 20, 2019, Mr. Liebowitz filed his third case in this District. Mr. Liebowitz never designated local counsel, or filed an appearance or *pro hac vice* application. On the same day and shortly after the Executive Committee noted on the docket these violations in all 12 cases, Judge Gettleman submitted a minute entry setting a status hearing for October 8, 2019, likely looking for an explanation. [Dkt. 5.] Five days later, Mr. Liebowitz filed a motion requesting the status hearing "be adjourned." [Dkt. 6.] As explained above, the filing of a motion without being admitted is another violation of the Local Rules. The reasons stated for the requested adjournment are that no responsive pleading had been timely filed and that Plaintiff will request the entry of default in the next 30 days. [Dkt. 6.] While Judge Gettleman delayed the status conference by a month,

---

[3] *Sands*, *Harbus*, and *Geerds*.
[4] This case, *Tabak*, and *Chin*.

he noted that Mr. Liebowitz "has not followed the court standing orders" in multiple ways. [Dkt. 7.] Perhaps the defendant in that case has yet to answer because the complaint was improperly filed by an attorney who is not yet allowed to practice law in this District. Courts in other jurisdictions have held that such complaints are void *ab initio* and should be struck. *See, e.g., State ex rel. Hadley v. Pike*, 2014-Ohio-3310, ¶ 17. At the time of this filing, Mr. Liebowitz has not complied with the Local Rules by filing any of the required documents in that case.

4. *Chevrestt v. Paddock Publications, Inc.*, 19-cv-5598: On August 20, 2019, Mr. Liebowitz filed his fourth case in this District – this case. Your Honor submitted a minute entry setting this case for a status hearing on October 9, 2019 at 9:00 a.m. Ten minutes before the hearing, Mr. Liebowitz filed a motion for leave to appear pro hac vice. [Dkt. 7.] As described herein, the Motion presents multiple misrepresentations.

5. *Harbus v. BG Voice Inc.*, 19-cv-5738: On August 26, 2019, Mr. Liebowitz filed his fifth case in this District. Mr. Liebowitz never designated local counsel, or filed an appearance or pro hac vice application. On the same day and shortly after the Executive Committee noted on the docket these violations in all 12 cases, Judge Tharp "directed" Mr. Liebowitz "to file his pro hac vice petition." [Dkt. 5.] Instead of complying with Local Rules or Judge Tharp's directives, Mr. Liebowitz filed a notice of voluntary dismissal four days later. [Dkt. 6.] The following day, Judge Tharp dismissed the case with prejudice. [Dkt. 7.]

6. *Southall v. Crawford Construction Corp.*, 19-cv-5800: On August 26, 2019, Mr. Liebowitz filed his sixth case in this District. Mr. Liebowitz never designated local counsel, or filed an appearance or pro hac vice application. On September 17, 2019, Judge Blakey set an initial status conference for October 10, 2019. [Dkt. 4.] Five days after the Executive Committee noted on the docket these violations in all 12 cases, Mr. Liebowitz filed a motion requesting the status hearing "be adjourned." [Dkt. 7.] As explained above, the filing of a motion without being admitted is another violation of the Local Rules. The reason stated for the requested adjournment is that Defendant had yet to appear or respond. [Dkt. 7.] However, the Plaintiff in that case had until October 15, 2019 to appear and respond [Dkt. 6], but Mr. Liebowitz complained about that not occurring on September 30, 2019. [Dkt. 7]. While Judge Blakey delayed the status conference, he "advised" Mr. Liebowitz to "fully comply with all standing orders" as Mr. Liebowitz violated another rule regarding "noticing of motions." [Dkt. 8.] Judge Blakey further "warned" Mr. Liebowitz "that any failure to comply with this Court's standing orders may result in the motion being stricken." [Dkt. 8.] At the time of this filing, Mr. Liebowitz has not complied with the Local Rules by filing any of the required documents in that case.

7. *Tabak v. The Rock River Times, Inc. et al*, 19-cv-50206: On August 26, 2019. Mr. Liebowitz filed his seventh case in this District. Mr. Liebowitz never designated local counsel or filed an appearance, despite an entry on the docket submitted a day after Mr. Liebowitz filed the complaint showing that the Court "MAILED Local

6

Rule 83.15 to [him]." One day after the Executive Committee noted on the docket these violations in all 12 cases, Judge Jensen ordered Mr. Liebowitz to "file his appearance and a petition to appear pro hac vice." [Dkt. 5.] While also citing the local rules, Judge Jensen warned Mr. Liebowitz that "[f]ailure to comply with this order may result in sanctions." [Dkt. 5.] Four days later, on September 30, 2019, Mr. Liebowitz finally filed a motion to appear pro hac vice. [Dkt. 8.] The information provided in Mr. Liebowitz's pro hac vice motion on September 30, 2019 regarding his admission dates into the four federal district courts of New York are all different than the one listed in his Motion in this case. *Compare* Dkt. 8 in that case to Dkt. 7 in this case. Three days later, Judge Jensen granted Plaintiff's motion to continue the initial status conference, but took Mr. Liebowitz's motion to appear pro hac vice under advisement. [Dkt. 9.]

8. *Chin v. FDRLST Media, LLC*, 19-cv-5837: On August 29, 2019. Mr. Liebowitz filed his eighth case in this District. Mr. Liebowitz never designated local counsel or filed an appearance. On September 17, 2019, Judge Blakey set an initial status conference for October 10, 2019. [Dkt. 4.] Two days later, the *defendant* filed three attorney appearances [Dkts. 6, 8, 9], moved the Court for an extension to answer or otherwise plead [Dkt. 5], and properly noticed said motion [Dkt. 7]. Judge Blakey granted defendant's motion. [Dkt. 10.] On the same day and shortly after the Executive Committee noted on the docket Mr. Liebowitz's violations in all 12 cases, Mr. Liebowitz filed a motion to appear pro hac vice. [Dkt. 12.] The information provided in Mr. Liebowitz's pro hac vice motion on September 25, 2019, greatly differs from the information provided in his Motion in this case:

   o All four of the dates Mr. Liebowitz listed for his admission into the four federal district courts of New York are different than the dates listed in his Motion in this case;

   o And most importantly, Mr. Liebowitz checked "No" in response to the question asking if he has ever been "censured, suspended, disbarred, or otherwise disciplined by any court," despite listing three such sanctions in his Motion in this case all of which occurred prior to the filing of Mr. Liebowitz's motion in that case.

The day after the Executive Committee's docket entry and Mr. Liebowitz's untruthful pro hac vice motion, the defendant filed a "Letter of Attorney Misconduct." [Dkt. 13.] In that letter, the defendant outlined two times that it discovered that Mr. Liebowitz was sanctioned by other courts, despite his omission of those sanctions in his pro hac vice motion. [Dkt. 13, p. 1.] In addition to those material omissions, the defendant also pointed out Mr. Liebowitz's violations of the MIDP rules. [Dkt. 13, p. 2.] Moreover, the defendant described Mr. Liebowitz's violations of the Federal Rules of Civil Procedure by prematurely propounding various forms of discovery. [Dkt. 13, p. 2.] Finally, the defendant pointed out Mr. Liebowitz's violations of the Local Rules. [Dkt. 13, p. 2.] These violations are all identical to his violations in this case. The defendant requested an opportunity to respond to Mr. Liebowitz's pro hac vice motion. After reviewing the "serious

issues" raised in the Letter, Judge Blakey ordered Mr. Liebowitz to "file a response" to the Letter and took his pro hac vice motion "under advisement." [Dkt. 15.] On October 10, 2019, Mr. Liebowitz responded by arguing that he was not required to disclose his sanctioned conduct as the form used by this District does not specifically request disclosure of "sanctions" and that he is working on getting local counsel (despite filing the case over a month previously and having eleven other cases in this District without local counsel either). [Dkt. 16.] Apparently, Mr. Liebowitz does not believe sanctions are instances where he was "otherwise disciplined by any court," which is the question on the pro hac vice form in this District. Regardless, at the time of this filing, Mr. Liebowitz has still not complied with the Local Rules by designating local counsel.

9. *Verch v. Global Resources Direct LLC*, 19-cv-5838: On August 29, 2019, Mr. Liebowitz filed his ninth case in this District. Mr. Liebowitz never designated local counsel, or filed an appearance or pro hac vice application. *Defendant* appeared [Dkt. 7] and moved for an extension to file a responsive pleading [Dkt. 8.] Judge Seeger granted the motion. [Dkt. 9.] At the time of this filing, Mr. Liebowitz has not complied with the Local Rules by filing any of the required documents in that case.

10. *Stross v. LFLYNN LLC*, 19-cv-6049: On September 9, 2019, Mr. Liebowitz filed his tenth case in this District. Mr. Liebowitz never designated local counsel, or filed an appearance or pro hac vice application. Eight days after the Executive Committee noted on the docket these violations in all 12 cases, Judge Dow recited the Local Rules that Mr. Liebowitz was violating and ordered Mr. Liebowitz to file a pro hac vice motion by October 18, 2019. [Dkt. 7.] Judge Dow also "advised" Mr. Liebowitz "to read the Northern District of Illinois Local Rules" and warned him that "failure to comply with the Local Rules may result in sanctions. [Dkt. 7.] At the time of this filing, Mr. Liebowitz has not complied with the Local Rules or Judge Dow's order by filing any of the required documents in that case.

11. *Ward v. Consequence Holdings, LLC et al*, 19-cv-6050: On September 10, 2019, Mr. Liebowitz filed his eleventh case in this District. Mr. Liebowitz never designated local counsel, or filed an appearance or pro hac vice application. At the time of this filing, no activity has occurred in this case other than the complaint and copyright report being filed, and Executive Committee notice about Mr. Liebowitz's violations.

12. *Longwell v. Social Scene LLC*, 19-cv-6074: On September 11, 2019, Mr. Liebowitz filed his twelfth case in this District. Mr. Liebowitz never designated local counsel, or filed an appearance or pro hac vice application. Even before the Executive Committee submitted its minute entry onto the docket regarding Mr. Liebowitz's violations, Judge Feinerman ordered Mr. Liebowitz "to comply with Local Rule 83.15," the local counsel rule. [Dkt. 4.] At the time of this filing, Mr. Liebowitz has not complied with the Local Rules or Judge Feinerman's order by filing any of the required documents in that case.

13. *Geerds v. TreeTop Wealth Management, LLC*, 19-cv-3424: This case was initially filed by Mr. Liebowitz in the Southern District of Illinois on March 21, 2019, but was eventually transferred to this District. While the case was dismissed with prejudice only two months later on May 23, 2019, Mr. Liebowitz never designated local counsel, or filed an appearance or pro hac vice application.

Thus, Mr. Liebowitz has violated many rules in not just one or two cases in this District, but thirteen. And these violations are not old or spread out over many years. They have all occurred in the last two months. No information is available regarding whether Mr. Liebowitz has extracted settlements in these cases based on the expenses imposed by his filings. Mr. Liebowitz, who reportedly does not send cease and desist letters in advance of filing lawsuits, appears to be either ignorant of the rules or engaged in purposeful disregard. Either way, Mr. Liebowitz's ability to impose costs on at least the defendant in this case should be curtailed until he embraces the concept of adherence to the local rules and the Federal Rules of Civil Procedure.

**C. Mr. Liebowitz has violated multiple rules in cases in other districts.**

Mr. Liebowitz also has a lengthy history of violating rules in other districts. While Defendant cannot exhaustively search the dockets in all of the cases Mr. Liebowitz has filed (as he has filed over 1,100 cases[5] since his admission to the New York bar), Mr. Liebowitz's own disclosures about his sanctions reveals the following:

1. *Steeger v. JMS Cleaning Services LLC* is the first case Mr. Liebowitz lists in his Motion. This is a case in the Southern District of New York – a district in which he had been admitted for over two and a half years at the time of his sanction – since October of 2015. [Dkt. 7.] Describing the rule violations and improper behavior Mr. Liebowitz exhibited in that case would take too much time. Instead, Defendant is attaching the docket sheet, the submissions by lawyers in that case outlining Mr. Liebowitz's improper behavior so this Court can see the perspective of lawyers attempting to litigate against Mr. Liebowitz, and Judge Cote's order. Judge Cote outlined his improper behavior in at least three ways: 1) his rule violation regarding

---

[5] Defendant's lawyers in the *Sands* case (discussed in this Response on page 12) compiled a list of all of his cases. *See* https://digitalcommons.law.scu.edu/cgi/viewcontent.cgi?article=3050&context=historical, accessed on October 11, 2019.

failure to provide notice[6], 2) "misrepresentations and omissions" in his filings before the court, and 3) "costs needlessly imposed on the defendant." In addition to Mr. Liebowitz's pattern of disregarding court rules, this case also shows and explains how he attempts to dismiss cases once defendants or the court catch on to his schemes. *See* **Exhibit C**. After Mr. Liebowitz objected to her statement of calling him a "copyright troll," Judge Cote drafted an entire order devoted to defending that statement, and concluded that she could call Mr. Liebowitz a "copyright troll," noting that of the more than 700 cases Mr. Liebowitz had by then filed in Manhattan federal court, more than 500 were resolved without any substantive litigation.[7]

2.  *Craig v. UMG Recordings, Inc., et al.* is the second case Mr. Liebowitz lists in which he was sanctioned, which occurred on July 9, 2019 in another case in the Southern District of New York. This time, Mr. Liebowitz filed a frivolous motion that the court concluded was "made vexatiously and in bad faith." *Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 339 (S.D.N.Y. 2019), reconsideration denied, No. 16-CV-5439 (JPO), 2019 WL 2992043 (S.D.N.Y. July 9, 2019). Instead of going into details, Defendant also suggests the court review the docket and defendant's motion and memo for sanctions [Dkt. 71, 72], which shows in great detail why Mr. Liebowitz was sanctioned for over $98,000. *See* **Exhibit D**.

3.  *Rice v. NBCUniversal Media, LLC* is the third case Mr. Liebowitz lists in which he was sanctioned on July 10, 2019 – a mere day after his sanction in case #2 – also in the Southern District of New York. The problems with his conduct are all apparent from the docket sheet itself. *See* **Exhibit E**. Initially, Mr. Liebowitz was notified of an improper filing of Docket No. 4 both on the day he filed it (January 16, 2019) and again on January 28, 2019. On March 11, 2019 [Dkt. 12], the court also had to order Mr. Liebowitz to file the proof of service, despite the case already being two months old. Additionally, an initial conference was set on January 17, 2019 to be held on May 2, 2019 [Dkt. 6]. Despite having over three months' notice of this date, Mr. Liebowitz waited until the day before the conference to request its rescheduling [Dkt. 18]. The court begrudgingly granted it later than day, despite it being "untimely and inadequately explained." [Dkt. 19.] Then later than day, Mr. Liebowitz filed a motion to dismiss the case [Dkt. 20] and adjourn the conference [Dkt. 21]. Judge Furman denied this (one of Mr. Liebowitz's usual tactics of dismissing cases when he faces any opposition) and ordered that Mr. Liebowitz "shall appear as scheduled, in part so [he] can answer for his apparent failure to comply with this Court's orders and rules." [Dkt. 22.] After Mr. Liebowitz failed to appear at the conference despite being ordered to appear, Judge Furman dismissed the case, but stated that "The Court retains jurisdiction to consider whether sanctions should be imposed upon [Mr. Liebowitz]" [Dkt. 23]. Judge Furman also

---

[6] This was not Mr. Liebowitz's first time failing to provide notice, and was likely only caught because the firm who caught him previously (SDNY 17-cv-6945) was the same firm who caught him doing it again in this case.

[7] *See* https://www.reuters.com/article/otc-troll/manhattan-federal-judges-are-getting-fed-up-with-notorious-copyright-troll-idUSKCN1U62PT, accessed on October 11, 2019.

ordered Mr. Liebowitz to explain "why sanctions should not be imposed - pursuant to Rules 11 and 16 of the Federal Rules of Civil Procedure and/or the Court's inherent authority - for filing a meritless lawsuit; for continuing to prosecute that lawsuit even after being presented with evidence of its lack of merit; for failure to comply with this Court's orders; and for failure to appear as directed at the conference earlier today." [Dkt. 25.] After hearing the parties' arguments, the court held that "Mr. Liebowitz and his firm are SANCTIONED for his failure to comply with multiple court orders." [Dkt. 36.] The court observed that there is "a growing body of law in this district devoted to the question of whether and when to impose sanctions on Mr. Liebowitz."[8]

In addition to the three cases Mr. Liebowitz disclosed in which he was sanctioned, many other courts have also had an opportunity to comment on Mr. Liebowitz's tactics:

- *McDermott v. Monday Monday, LLC*: In an order entered early last year, the court held that costs should not be granted due to there not being a prevailing party (as Mr. Liebowitz simply dismissed the case after he faced opposition for filing a case in New York that had no personal jurisdiction over the Idaho defendant). However, this case is another example of the court pointing out that Mr. Liebowitz failed to provide proper notice according to court rules (fn. 1) and mentions how it is not his first failure. The court also describes that Mr. Liebowitz "is a known copyright troll filing over 500 cases in this district alone in the past twenty-four months." *McDermott v. Monday Monday, LLC*, No. 17CV9230 (DLC), 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018), motion for relief from judgment denied, No. 17CV9230 (DLC), 2018 WL 5312903 (S.D.N.Y. Oct. 26, 2018). This opinion also details Mr. Liebowitz's history of transgressions.

- *Reynolds v. Hearst Commc'ns, Inc.*: In another case, the defendant moved for the court to impose a bond requirement upon Mr. Liebowitz before the case continued. The court granted the motion, and again described how Mr. Liebowitz engaged in improper tactics such as "fail[ing] to appear at the pretrial conference . . . despite being required" to do so. *Reynolds v. Hearst Commc'ns, Inc.*, No. 17CV6720(DLC), 2018 WL 1229840, at *1 n.1 (S.D.N.Y. Mar. 5, 2018), reconsideration denied, No. 17CV6720(DLC), 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018). The court continued: "[a] number [of] Mr. Liebowitz's cases have been dismissed from the bench as frivolous" and "[m]ultiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action." *Id.* at *4. Defendant encourages the Court to review all of those cases as well, as Defendant cannot expend the resources necessary to travel down this seemingly endless body of case law regarding Mr. Liebowitz. The court concluded with: "Mr. Liebowitz also argues that plaintiff has not willfully disobeyed court orders, obstructed discovery, or increased the cost of litigation. This is demonstrably false.

---

[8] *See* http://www.abajournal.com/news/article/judge-sanctions-litigious-copyright-lawyer-notes-growing-body-of-law-on-when-to-punish-him, accessed October 11, 2019.

Mr. Liebowitz failed to comply with orders in this litigation, as he has in other lawsuits." *Id.*

- *Kanongataa* cases: In a trio of cases filed by Mr. Liebowitz, another judge in the Southern District of New York ordered Plaintiff to repay the defendants' legal bills in all three cases in an amount exceeding $120,000. *See* Dkt. 61, **Exhibit F**.[9]

This list of cases in which courts have found Mr. Liebowitz's tactics to be suspect continues.

Defendant will simply cite a few additional quotes from orders relating to Mr. Liebowitz's

conduct:

- "The history of Liebowitz's failure to comply with court orders counsels in favor of the imposition of an additional bond. Mango has chosen Liebowitz as his counsel, and it is not unreasonable to weigh his counsel's failure to follow this district's local rules and to comply with court orders in assessing this final *Cruz* factor." *Mango v. Democracy Now! Prods., Inc.*, No. 18CV10588 (DLC), 2019 WL 3325842, at *6 (S.D.N.Y. July 24, 2019).

- "[T]his [is] not the first time that Mr. Liebowitz has gotten into difficulty in this Court for what at best often is a slap dash approach to pursuing the enormous volume of cases of this nature that he has filed. A 'mere oversight' that happens once or twice is one thing, A pattern of discovery and related abuse is quite another, and rings of deliberate indifference to an attorney's obligation to behave in a professional, responsible, and competent manner in each and every case he handles. And if the attorney has filed a deluge of cases, such that his workload is too great to discharge that obligation, the volume of cases must be reduced to a number that may be managed responsibly or the number of responsible and competent attorneys tasked with handling it must be increased. In sum, plaintiff has offered no satisfactory excuse for his failure to comply with Rules 26(a) and (e)." *Sands v. Bauer Media Grp. USA, LLC*, No. 17-CV-9215 (LAK), 2019 WL 4464672, at *6 (S.D.N.Y. Sept. 18, 2019).

- "While there is an insufficient basis for the Court to impose sanctions against Liebowitz for violations of the professional rules of conduct on the current record, this motion was a close call and the Court strongly cautions Liebowitz and his law firm to be mindful of overplaying their hands (or worse) during settlement negotiations. If a license has been obtained as part of a settlement in another case, then the firm should be transparent in that regard and not try, as leverage, to pawn a license off as something other than a settlement. Lawyers have one treasured possession above all else, and that is their reputation. If it is squandered and lawyers become known for being untrustworthy, both their clients and the Court are ill-served. This is hardly the first time that Liebowitz and his firm have had their reputation called into question, and the Court can only hope it will be the last." *Otto*

---

[9] *See also* https://www.law360.com/articles/971650, accessed on October 11, 2019.

12

*v. Hearst Commc'ns, Inc.*, No. 17CV4712GHWJLC, 2019 WL 1034116, at *12 (S.D.N.Y. Feb. 21, 2019).

- While barely escaping sanctions in another case, Judge Abrams had this to say: "The Court finds particularly concerning Mr. Liebowitz's repeated failures to follow the orders and rules of this Court and others within the district, as well as his propensity to take unreasonable positions and to omit crucial facts—or even to make outright misrepresentations—in an apparent attempt to increase costs and to extort unwarranted settlements." *Pereira v. 3072541 Canada Inc.*, No. 17-CV-6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018).

Mr. Liebowitz's pattern and practice of violating court rules needs no further explanation. Simple courtesies, including sending cease and desist letters, are simply not part of his practice. He has earned this reputation and cannot be expected to change if admitted to this District. Under Local Rule 83.16(e), the transgressions noted by the Executive Committee on September 25, 2019 are something the Court can sanction. Defendant has prepared this Response at its own risk and expense in part because the public dissemination of the information contained herein should have a favorable impact on the administration of justice in this Court, in this District, and in courts in other districts. Defendant respectfully requests that the Court consider using its authority to sanction Mr. Liebowitz to reimburse Defendant for the costs incurred in researching and preparing this Response. Defendant also submits that dismissal of the Complaint would be an appropriate sanction. Finally, Defendant suggests that this Court refer Mr. Liebowitz to the Executive Committee of this District so that appropriate District-wide action can be taken.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court deny the Motion [Dkt. 7], enter an order holding the Complaint void *ab initio* or dismissing it with prejudice, and sanction Mr. Liebowitz to reimburse Defendant for its costs in preparing this Response. At a minimum, this Court should require Mr. Liebowitz to be sponsored into the bar of this District by a member of the Trial Bar capable of trying this matter in a manner expected by the judges of this District. Until

the time such an attorney joins Mr. Liebowitz as co-counsel, Defendant should not be required to file a responsive pleading to the Complaint.

Dated: October 14, 2019

Respectfully submitted,

**LOCKE LORD LLP**

By: */s/ Joshua Fliegel*_____
Matthew T. Furton
*mfurton@lockelord.com*
Joshua Fliegel
*joshua.fliegel@lockelord.com*
111 S. Wacker Drive, Suite 4100
Chicago, IL 60606
Telephone: 312-443-0700
Facsimile: 312-443-0336

*COUNSEL FOR DEFENDANT*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 14, 2019, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system to serve all attorneys of record.

By: *<u>/s/ Joshua Fliegel</u>*