# EXHIBIT C

CLOSED,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:17-cv-08013-DLC

Steeger v. JMS Cleaning Services LLC
Assigned to: Judge Denise L. Cote
Cause: 17:101 Copyright Infringement

Date Filed: 10/18/2017
Date Terminated: 02/22/2018
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Paul Steeger**

represented by **Richard Liebowitz**
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 301
Suite 305
Valleystream, NY 11580
516-233-1660
Email: RL@LiebowitzLawFirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JMS Cleaning Services LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/18/2017 | 1 | COMPLAINT against JMS Cleaning Services LLC. (Filing Fee $ 400.00, Receipt Number 0208-14255450)Document filed by Paul Steeger. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Liebowitz, Richard) (Entered: 10/18/2017) |
| 10/18/2017 | 2 | REQUEST FOR ISSUANCE OF SUMMONS as to JMS Cleaning Services LLC, re: 1 Complaint. Document filed by Paul Steeger. (Liebowitz, Richard) (Entered: 10/18/2017) |
| 10/18/2017 | 3 | CIVIL COVER SHEET filed. (Liebowitz, Richard) (Entered: 10/18/2017) |
| 10/18/2017 | 4 | AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review.(Liebowitz, Richard) (Entered: 10/18/2017) |
| 10/19/2017 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Denise L. Cote. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (pc) (Entered: 10/19/2017) |
| 10/19/2017 | | Magistrate Judge Katharine H. Parker is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (pc) (Entered: 10/19/2017) |
| 10/19/2017 | | Case Designated ECF. (pc) (Entered: 10/19/2017) |
| 10/19/2017 | 5 | ELECTRONIC SUMMONS ISSUED as to JMS Cleaning Services LLC. (pc) (Entered: 10/19/2017) |
| 10/19/2017 | 6 | AO 121 FORM COPYRIGHT - CASE OPENING - SUBMITTED. In compliance with the provisions |

| | | of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (pc) (Entered: 10/19/2017) |
|---|---|---|
| 11/09/2017 | 7 | NOTICE OF INITIAL PRETRIAL CONFERENCE (Notice): Initial Conference set for 1/19/2018 at 10:00 AM in Courtroom 15B, 500 Pearl Street, New York, NY 10007 before Judge Denise L. Cote. **-** Please follow the procedures set forth in the Notice. (Signed by Judge Denise L. Cote on 11/9/2017) (gr) (Entered: 11/09/2017) |
| 01/11/2018 | 8 | AFFIDAVIT OF SERVICE of Summons and Complaint. JMS Cleaning Services LLC served on 12/12/2017, answer due 1/2/2018. Document filed by Paul Steeger. (Liebowitz, Richard) (Entered: 01/11/2018) |
| 01/13/2018 | 9 | LETTER MOTION to Adjourn Conference addressed to Judge Denise L. Cote from Richard Liebowitz dated January 13, 2018. Document filed by Paul Steeger.(Liebowitz, Richard) (Entered: 01/13/2018) |
| 01/16/2018 | 10 | ENDORSED LETTER addressed to Judge Denise L. Cote from Richard Liebowitz dated 1/13/2018 re: request that the 1/19/2018 initial conference be adjourned so that the proper default paper work can be filed. ENDORSEMENT: Granted. The motion for entry of a default is due 1/26/18. (Signed by Judge Denise L. Cote on 1/16/2018) (gr) (Entered: 01/16/2018) |
| 01/24/2018 | 11 | FIRST LETTER addressed to Judge Denise L. Cote from Stephanie Furgang Adwar dated Jaaury 24, 2018 re: Request for relief. Document filed by JMS Cleaning Services LLC. (Attachments: # 1 Exhibit LAW 360 ARTICLE, # 2 Exhibit COURT ORDER & ORDER OF DISMISSAL)(Adwar, Stephanie) (Entered: 01/24/2018) |
| 01/24/2018 | 12 | LETTER addressed to Judge Denise L. Cote from Richard Liebowitz dated January 24, 2018 re: Dismissal Letter. Document filed by Paul Steeger.(Liebowitz, Richard) (Entered: 01/24/2018) |
| 01/26/2018 | 13 | MEMORANDUM OPINION AND ORDER.....ORDERED that plaintiffs request to administratively dismiss the case is denied. A status letter regarding this action is due February 25, 2018. IT IS FURTHER ORDERED that, by Friday February 2, 2018, Richard P. Liebowtiz shall show cause why he should not be sanctioned pursuant to Rule 11, Fed. R. Civ. P., and this Courts inherent power for the following:1)failure to serve the November 9, 2017 Notice of Pretrial Conference;2)the misrepresentations and omissions in his January 13, 2018 letter; and3)costs needlessly imposed on the defendant. (Signed by Judge Denise L. Cote on 1/26/2018) (gr) (Entered: 01/26/2018) |
| 02/02/2018 | 14 | RESPONSE to Motion re: 9 LETTER MOTION to Adjourn Conference addressed to Judge Denise L. Cote from Richard Liebowitz dated January 13, 2018. *RESPONSE MEMORANDUM TO ORDER TO SHOW CAUSE [Dkt. 13]*. Document filed by Paul Steeger. (Liebowitz, Richard) (Entered: 02/02/2018) |
| 02/02/2018 | 15 | DECLARATION of Richard Liebowitz in Support re: 9 LETTER MOTION to Adjourn Conference addressed to Judge Denise L. Cote from Richard Liebowitz dated January 13, 2018.. Document filed by Paul Steeger. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Liebowitz, Richard) (Entered: 02/02/2018) |
| 02/05/2018 | 16 | AFFIRMATION of Stephanie Furgang Adwar in Opposition re: 9 LETTER MOTION to Adjourn Conference addressed to Judge Denise L. Cote from Richard Liebowitz dated January 13, 2018.. Document filed by JMS Cleaning Services LLC. (Attachments: # 1 Exhibit Google Search, # 2 Exhibit Letter to Hon. Ronnie Abrams, # 3 Exhibit Wayback Machine printout)(Adwar, Stephanie) (Entered: 02/05/2018) |
| 02/06/2018 | 17 | ORDER: On February 5, Stephanie Furgang Adwar, on behalf of defendant JMS Cleaning Services, LLC, requested that the Court grant defendant its costs and attorneys fees. Ms. Adwar also renewed the defendants January 24 request that the Court order plaintiff to show cause why a bond for costs should not be issued or, in the alternative, requested that the Court dismiss this matter, presumably with prejudice. Accordingly, it is hereby ORDERED that the plaintiff shall respond to Ms. Adwars requests, made on behalf of defendant, by Monday, February 12. (Signed by Judge Denise L. Cote on 2/6/2018) (gr) (Entered: 02/06/2018) |
| 02/06/2018 | 18 | LETTER addressed to Judge Denise L. Cote from Stephanie Furgang Adwar dated February 6, 2018 re: clarification. Document filed by JMS Cleaning Services LLC.(Adwar, Stephanie) (Entered: 02/06/2018) |
| 02/12/2018 | 19 | RESPONSE in Support of Motion re: 9 LETTER MOTION to Adjourn Conference addressed to Judge |

| | | Denise L. Cote from Richard Liebowitz dated January 13, 2018. *Reply in further Support of Plaintiff's Opposition to Rule 11 Sanctions*. Document filed by Paul Steeger. (Liebowitz, Richard) (Entered: 02/12/2018) |
|---|---|---|
| 02/22/2018 | 20 | NOTICE OF VOLUNTARY DISMISSAL Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, with prejudice against the defendant(s) JMS Cleaning Services LLC. Document filed by Paul Steeger. (Liebowitz, Richard) (Entered: 02/22/2018) |
| 02/23/2018 | 21 | AO 121 FORM COPYRIGHT - CASE TERMINATED- SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a final decision was rendered on 02/22/2018 in a court action filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (km) (Entered: 02/23/2018) |
| 02/28/2018 | 22 | MEMORANDUM OPINION AND ORDER....Mr. Liebowitzs failure to serve the Notice of Pretrial Conference, his material omissions in his January 13 letter, and his needless infliction of costs on the defendant are each independently sufficient to justify sanctions imposed pursuant to Rule 11 and the Courts inherent power. Taken together, Mr. Liebowitzs actions throughout the course of this litigation compel the Court to impose sanctions. Accordingly, it is hereby ORDERED that, pursuant to this Courts inherent authority, and having weighed the factors listed in the Advisory Committee Notes to the 1993 Amendment to Rule 11, sanctions shall be imposed on Richard Liebowitz in the amount of $10,000. Mr. Liebowitz and Liebowitz Law Firm, PLLC are jointly and severally liable for the $10,000 sanction. IT IS FURTHER ORDERED that by, Friday, March 9, the $10,000 sanction shall be paid to the Clerk of Court, U.S. District Court, Southern District of New York. (Signed by Judge Denise L. Cote on 2/28/2018) (gr) (Entered: 02/28/2018) |
| 03/09/2018 | | CASHIERS OFFICE REMARK on 22 Memorandum & Opinion,,,, in the amount of $10,000.00, paid on 03/06/2018, Receipt Number 465401203717. (jkr) (Entered: 03/09/2018) |
| 03/09/2018 | 24 | MEMORANDUM OF LAW in Support re: 23 MOTION for Reconsideration re; 22 Memorandum & Opinion,,,, *for an Order VACATING the Courts Order, dated February 28, 2018 [ECF Docket # 22] pursuant to Rule 60(b)(1) and Rule 11(c)(2)(B) of the Federal Rules of Civil Procedure and co . Document filed by Paul Steeger. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Liebowitz, Richard) Modified on 3/12/2018 (db). (Entered: 03/09/2018)* |
| 03/09/2018 | | ***DELETED DOCUMENT. Deleted document number 23 Motion for Reconsideration. The document was incorrectly filed in this case. (Intended Target case - 16cv6110). (db)** (Entered: 03/12/2018) |
| 03/12/2018 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Richard Liebowitz to RE-FILE Document 24 Memorandum of Law in Support of Motion. ERROR(S): Document(s) linked to filing error/deleted document filed in wrong case. ***REMINDER*** - First refile Correct Motion for Reconsideration, then file and link any supporting documents. (db)** (Entered: 03/12/2018) |
| 03/12/2018 | 25 | MOTION for Reconsideration re; 22 Memorandum & Opinion,,,, . Document filed by Paul Steeger. (Liebowitz, Richard) (Entered: 03/12/2018) |
| 03/12/2018 | 26 | MEMORANDUM OF LAW in Support re: 25 MOTION for Reconsideration re; 22 Memorandum & Opinion,,,, . . Document filed by Paul Steeger. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Liebowitz, Richard) (Entered: 03/12/2018) |
| 03/15/2018 | 27 | OPINION AND ORDER: An Opinion and Order of February 28 imposed $10,000 in sanctions on Richard Liebowitz and his law firm pursuant to Rule 11, Fed. R. Civ. P., and this Courts inherent power, payable to the Clerk of Court. Steeger v. JMS Cleaning Servs. LLC, No. 17cv8013(DLC), 2018 WL 1136113 (S.D.N.Y. Feb. 28, 2018). On March 9, the plaintiff moved for reconsideration and an order vacating the February 28 Order. The motion is granted in part.....Taking this motion for reconsideration as an opportunity to craft sanctions that will more directly address the deficiencies in performance described above and deter their repetition, the sanctions are modified as follows. The monetary sanctions imposed on February 28 are reduced to $2,000 and are imposed solely under the Courts inherent powers. The Court also imposes an educational sanction under both its inherent powers and Rule 11, Fed. R. Civ. P. Mr. Liebowitz must complete by July 31, 2018 four CLE credit hours in ethics and professionalism in addition to the amount required biennially by the New York State bar authorities. (Signed by Judge Denise L. Cote on 3/14/2018) (gr) (Entered: 03/15/2018) |

| 03/15/2018 | 28 | ORDER: An Opinion issued February 28, 2018 imposed a monetary sanction in the amount of $10,000 on Richard Liebowitz. On March 9, Mr. Liebowitz paid that amount to the Clerk of Court and moved for reconsideration. The Court granted reconsideration in part on March 14 in an Opinion that reduced the amount of monetary sanctions to $2,000 and imposed an educational sanction of four continuing legal education (CLE) credit hours in ethics and professionalism, to be completed by July 31, 2018. Accordingly, it is hereby ORDERED that the Clerk of Court is instructed to refund Richard Liebowitz $8,000 of the amount he paid on March 9, 2018. IT IS FURTHER ORDERED that Richard Liebowitz shall complete four CLE credit hours in ethics and professionalism by July 31, 2018, in addition to the credit hours required by the New York State bar authorities. He shall file certificate(s) of attendance with the Court attesting to his participation by August 14, 2018. (Signed by Judge Denise L. Cote on 3/14/2018) Copy Emailed By Chambers To Courtney DeCasseres, Assistant Finance Manger, Finance Unit. (gr) (Entered: 03/15/2018) |
| --- | --- | --- |
| 03/26/2018 | | CASHIERS OFFICE REGISTRY DISBURSEMENT as per 28 Order,,,, dated 3/14/2018, from Judge Denise L. Cote, on 3/16/2018 disbursed to pay Richard Liebowitz $8,000.00 Check No. 01900959 dated 3/16/2018 (cla) (Entered: 03/26/2018) |
| 04/27/2018 | | CASHIERS OFFICE REGISTRY DISBURSEMENT as per 28 Order,,,, dated 3/14/2018, from Judge Denise L. Cote, on 4/24/2018 disbursed to pay Richard Liebowitz $8,000.00 Check No. 01901021 dated 4/24/2018 reissued check, original check was never received. (cla) (Entered: 04/27/2018) |
| 08/15/2018 | 29 | ORDER: An Opinion issued February 28, 2018 imposed a monetary sanction in the amount of $10,000 on Richard Liebowitz. On March 9, Mr. Liebowitz paid that amount to the Clerk of Court and moved for reconsideration. The Court granted reconsideration in part on March 14 in an Opinion that reduced the amount of monetary sanctions to $2,000 and imposed an educational sanction of four continuing legal education (CLE) credit hours in ethics and professionalism, to be completed by July 31, 2018. The Court ordered Mr. Liebowitz to file certificate(s) of attendance with the Court attesting to his participation by August 14, 2018. He has failed to do so. Accordingly, it is hereby ORDERED that a show cause hearing will take place August 24 at 12:00 p.m. in Courtroom 18B, United States Courthouse, 500 Pearl Street, New York, New York, 10007, at which Mr. Liebowitz shall show cause why he should not be sanctioned pursuant to this Courts inherent powers, for failure to file the certificates of CLE attendance on or before August 14. (Signed by Judge Denise L. Cote on 8/15/2018) (gr) (Entered: 08/15/2018) |
| 08/15/2018 | 30 | LETTER addressed to Judge Denise L. Cote from Richard Liebowitz dated 8/15/18 re: CLE Certificates of Attendance. Document filed by Paul Steeger. (Attachments: # 1 Exhibit CLE Certificates of Attendance - 4 Credits)(Liebowitz, Richard) (Entered: 08/15/2018) |
| 08/21/2018 | 31 | ENDORSED LETTER addressed to Judge Denise L. Cote from Richard Liebowitz dated 8/15/18 re: Response to the Court's August 15, 2018 Order re CLE Certificates of Attendance. ENDORSEMENT: the 8/24/18 hearing is cancelled. (Signed by Judge Denise L. Cote on 8/19/2018) (gr) (Entered: 08/21/2018) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 10/10/2019 13:14:15 | | |
| **PACER Login:** | LL1224LL | **Client Code:** | 9900004.00000 30908 |
| **Description:** | Docket Report | **Search Criteria:** | 1:17-cv-08013-DLC |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

# Furgang & Adwar, L.L.P.

COUNSELORS IN INTELLECTUAL PROPERTY AND ENTERTAINMENT LAW

Philip Furgang
Stephanie Furgang Adwar

Donna L. Miele
Donna C. Sobel

Of Counsel:
Armando Llorens
Sheldon Palmer
Ronald S. Goldbrenner
Bertrand M. Lanchner

Centerock East
2 Crosfield Avenue, Suite 210
West Nyack, NY 10994

Telephone: (845) 353-1818
Facsimile: (845) 353-1996

www.furgang.com
info@furgang.com

January 24, 2018

Hon. Denise L. Cote
U.S. District Court Judge
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE:    Paul Steeger v. JMS Cleaning Services, Inc.
        Index No. 1:17-cv-8013
        Our File No.        :        11571

Dear Judge Cote:

      We are writing this letter on behalf of Defendant JMS Cleaning Services, LLC ("JMS"). Our firm is appearing only for the limited purpose of filing this letter request that Plaintiff in this matter be required to file an order to show cause why he should not be required to post security for costs as a condition of proceeding further with this action. This relief has not previously been requested.

**Status of Action**

      JMS is a mom and pop office cleaning business which used on its website a photograph it obtained from a "free photo download" site on the internet in 2013. Several months ago, in July, 2017, the principal of JMS, Louie Ahmetaj, received in his P.O. Box, a draft complaint and demand letter from Plaintiff. JMS immediately took the photo down from its website and contacted an attorney and asked him to contact Plaintiff's attorney. Defendant's counsel advised Plaintiff's counsel of the photo's removal and offered a settlement and Plaintiff was supposed to speak to his client and respond. He did not.

      Instead, on October 18, 2017, Plaintiff filed the Complaint in this action. JMS had not yet been served. Instead, in or about early November, Ahmetaj was checking on a property he owns, but at which he does not reside, and the tenant handed him some mail which included a mailed copy of the Complaint.

      On November 8, 2017, our firm was retained to investigate this issue and I telephoned Plaintiff's counsel to discuss the facts of the case and potential settlement. I also advised Plaintiff's counsel that Defendant had still not been served. Plaintiff's counsel stated that he would get back

New York City 1325 Avenue of the Americas, 28th Floor, New York, NY 10019 Tel: (212) 725-1818 Fax: (212) 941-9711
White Plains 11 Martine Avenue, Penthouse, White Plains, NY 10606 Tel: (914) 428-5300 Fax: (914) 428-0226

P A T E N T S   ❖   T R A D E M A R K S   ❖   C O P Y R I G H T S   ❖   E N T E R T A I N M E N T

Furgang & Adwar, L.L.P.

Hon. Denise L. Cote
January 24, 2018
Page 2

to me with regard to Defendant's offer of settlement. To date, I have still heard nothing from Plaintiff's counsel.

As a matter of due diligence, I checked the ECF system and discovered that on November 9, 2017 (the day after I spoke with Mr. Leibowitz), this Court had ordered a status conference for January 19, 2018 and had ordered Plaintiff to serve same upon Defendant. It was never served upon Defendant. Plaintiff's counsel could easily have called my office as a matter of courtesy to advise me of this notice. He did not. Instead, I advised my client of the conference date and they decided to wait to be served the answer and the notice.

On January 12, 2018, my client's principal called and requested I look at the ECF filings to check on matters, as Defendant had still not been served. I did and discovered that Plaintiff had served the Defendant with the Answer on December 12, 2017, by serving the Secretary of State of the State of New York. Unfortunately, Defendant had changed its address for service and Defendant's accountant had not advised the State, so Defendant never received the Complaint. It is unfortunate that this occurred, because not only would a simple google search of my client's name gives the Home Advisor site which has the business address for Defendant (which is also the home address of its principals), but Plaintiff's counsel had my name and number and did not bother to extend the courtesy of contacting this office at any time to advise our firm of the service of the Complaint or the status conference date.

I advised Mr. Ahmetaj of the Status Conference scheduled for the 19th and as Defendant could not afford to retain our firm for the appearance, he and his wife (owners of Defendant JMS) appeared. Unfortunately, when they arrived at Court, they learned that the conference had been adjourned.

Mr. Ahmetaj contacted me and advised me what happened. I accessed ECF and discovered Plaintiff's intent to file a default judgment. My client retained our firm for the sole purpose of contacting the Court on its behalf.

### Facts Pertaining to the Action

Defendant is a corporation and is required to be represented by counsel. Unfortunately, they are a tiny company and cannot afford to even have counsel appear at a status conference.

The Court may be aware that the Plaintiff is represented by the Law Office of Richard Leibowitz. I have been advised that Mr. Leibowitz has filed over 500 copyright infringement cases before the Southern and Eastern Districts of New York (one of which is a case before Judge Abrams where we were local counsel). (See Law360 article regarding "copyright trolls", attached hereto as Exhibit A.) Many of these filed cases are de minimus cases filed with the intent to force parties to pay high settlement figures or have no choice but to expand large sums of money to litigate. This case is no different.

In this case, Defendant accessed the photo from a free download website in 2013. And while there is a copyright registration, it was not filed until over 3 years after Defendant started to use the photo, eliminating the availability of statutory damages or attorneys' fees. Further, use of the photo garnered no income, and there are almost identical photos available online for license for $12.00. Plaintiff's entire possible collection, if successful, would be $12.00.

Furgang & Adwar, L.L.P.

Hon. Denise L. Cote
January 24, 2018
Page 3

In the case before Judge Abrams (referenced above), Judge Abrams said that due to the de minimus nature of the proceeding she was going to follow the way that Judge Kaplan went with similar cases filed by this attorney before him and ordered Mr. Leibowitz to file an file an order to show cause  why he should not be required to post security for costs as a condition of proceeding further with this action pursuant to Local Civil Rule 54.2. Mr. Leibowitz did not file the motion. That action was dismissed, instead. (See Order and Dismissal, attached hereto as Exhibit B)

Due to the harassing and trolling nature of this suit, the amount of actual damages ($12), and the damage which my client would unquestionably bear, including likely bankruptcy, we ask the Court to order Plaintiff to file an order to show cause  why he should not be required to post security for costs as a condition of proceeding further with this action pursuant to Local Civil Rule 54.2.

We thank the Court for its consideration.

Respectfully submitted,

STEPHANIE FURGANG ADWAR
Furgang & Adwar, L.L.P.
2 Crosfield Avenue, Suite 210
West Nyack, NY 10994
(845)353-1818
stephanie@furgang.com



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# The Firms Filing The Most Copyright Cases

By **Bill Donahue**

Law360, New York (April 21, 2017, 1:45 PM EDT) -- The 10 law firms that filed the most copyright suits in the first quarter of 2017 all fit a very particular bill: small shops that specialize in mass filing new cases over a particular type of work, like pornography or fabric designs.

According to data compiled by Lex Machina, New York-based Liebowitz Law Firm led the pack with a whopping 97 new suits in just the first three months of the new year. The cases were overwhelmingly filed on behalf of photographers over the unauthorized use of their images, like a suit that photojournalist Todd Bigelow **filed in March** over the appearance of his immigration image on conservative website Breitbart News.



Coming in second was The James Law Firm, one of several firms retained by Malibu Media — a pornography studio that has **filed thousands of copyright suits** over the past few years against internet downloaders and has been **labeled a "copyright troll" by critics**. The firm filed 78 suits in the first quarter, all for Malibu.

Though the subject matter they tackled varied, every other firm that cracked Lex Machina's top 10 list employed the same business model used by Liebowitz and James: They are small firms filing numerous, highly similar infringement complaints about the same kind of copyrighted work.

For Doniger Burroughs, the third most prolific firm, that copyrighted work is fabric designs. The firm, which has become well-known in recent years for filing **and winning** such suits, filed 43 cases over the first three months of the year, including against major fashion companies like H&M, Wet Seal and Urban Outfitters.

The bottom half of the list was dominated by firms that mass file suits over movies shared over the internet on torrent platforms. Hughes Socol Piers Resnick & Dym, the sixth most active firm, filed 30 such suits, going after internet users who shared "Mechanic: Resurrection" and "Mr. Church."

Kirton McConkie, Hamrick & Evans and Crowell Law all did the same thing, filing dozens more lawsuits over other films. The 15 suits filed by Crowell — not to be confused with BigLaw's Crowell & Moring — were actually a big decrease from past years; in 2015, the Oregon firm filed a whopping 200 cases, many over the film "Dallas Buyer's Club."

Rounding out the list were firms that fit into similar models.

Houston-based Lowenberg Law Firm, the fourth most prolific firm, filed 42 more suits for Malibu Media. Jeong & Likens, fifth on the list, filed 32 of its own fabrics cases. Higbee & Associates, like Liebowitz, represents photographers, filing 19 suits on behalf of plaintiffs like photojournalist Christopher Sadowski, making it the eighth most prodigious.

Law360 is owned by LexisNexis Legal & Professional, a RELX Group company, which owns Lex Machina.

--Editing by Sara Ziegler.

All Content © 2003-2017, Portfolio Media, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/18/2017

AL PEREIRA,

                Plaintiff,

      v.

3072541 CANADA INC., *doing business as*
KENDALL + KYLIE,

                Defendant.

No. 17-CV-6945 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

For the reasons stated on the record at the conference on December 1, 2017, the Court ordered Plaintiff's counsel to show cause why he should not be required to post security for costs as a condition of proceeding further with this action. Plaintiff's counsel has not yet responded to that Order. He is directed to file his response no later than December 22, 2017. If he fails to respond by that time, the Court will enter an order requiring him to post security for costs under Local Civil Rule 54.2.

SO ORDERED.

Dated:    December 18, 2017
         New York, New York

                                Ronnie Abrams
                                United States District Judge

Case 1:19-cv-05598-Document #: 1-3 Filed: 10/14/19 Page 12 of 24 PageID #:75
Case 1:1?-cv-06945-DLC Document 11-2 Filed 03/24/18 Page 200 12
Case 1:17-cv-06945-RA   Document 25   Filed 01/05/18   Page 1 of 1
Case 1:17-cv-06945-RA   Document 24   Filed 01/04/18   Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1/5/18

| | |
|---|---|
| AL PEREIRA | **NOTICE OF DISMISSAL OF CIVIL ACTION WITHOUT PREJUDICE (FRCP 41(a)(1)(A)(i))** |
| Plaintiff, | |
| v. | **Case No.: 1:17-cv-6945-RA** |
| 3072541 CANADA INC. | |
| Defendant. | |

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff Al

Pereira gives notice that the above-captioned action is voluntarily dismissed without prejudice.

*Richard Liebowitz*

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

Dated: *1/4/2018*

*Attorneys for Plaintiff Al Pereira*

---

SO ORDERED:

Hon. Ronnie Abrams

1/5/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------- X
                                       :        17cv8013(DLC)
PAUL STEEGER,                          :
                      Plaintiff,       :      MEMORANDUM OPINION
                                       :         AND ORDER
           -v-                         :
                                       :
JMS CLEANING SERVICES LLC,             :
                                       :
                      Defendant.       :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

    This action was commenced on October 18, 2017.  This Order
requires plaintiff's counsel to show cause why he should not be
sanctioned.

    The defendant was served through the Secretary of State on
December 12, 2017.  On January 13, 2018, the plaintiff submitted
a letter to the Court requesting an adjournment of the Initial
Pretrial Conference, scheduled for January 19, 2018, stating
that the defendant had not responded to the Complaint and the
plaintiff intended to file a motion for a default judgment.  On
January 16, the Court granted plaintiff's request, ordering
plaintiff's motion for entry of default due on January 26, 2018.
The January 13, 2018 letter gave no indication that the
following had occurred.

    According to a January 24, 2018 letter from defense
counsel, the following is the history of communication between

the parties in this action.  Plaintiff first contacted the
defendant in July 2017 by delivering a draft complaint and
demand letter to a P.O. Box for a principal of the defendant.
Soon thereafter, an attorney for the defendant spoke with
plaintiff's attorney, Richard P. Liebowitz.  That attorney
offered to settle the case, and informed Mr. Liebowitz that the
alleged infringing photograph had been removed from defendant's
website.  Mr. Liebowitz represented that he would present the
settlement offer to his client for his consideration.  Mr.
Liebowitz did not call back or respond to the defendant's offer.
Instead, plaintiff filed this action in October.

On November 8, defendant's current counsel spoke with
plaintiff's counsel.  In this second call, defendant's counsel
again attempted to reach a settlement, and also noted that the
defendant had not yet been served.  Although plaintiff's counsel
promised to respond to this offer of settlement, he did not do
so.

The next day, on November 9, 2017, this Court issued a
Notice of Pretrial Conference, which directed the plaintiff to
"(i) notify all attorneys in this action by serving upon each of
them a copy of this notice and the court's individual practices
forthwith, and (ii) to file poof of such notice with the Court."
ECF Dkt. No. 7.  The Notice also instructs counsel that if they
"are unaware of the identity of counsel for any of the parties

[they] must forthwith send a copy of the notice and practices to that party personally."

Despite speaking directly with defendant's counsel, Mr. Liebowitz did not serve the Notice of Pretrial Conference on either defendant's counsel or defendant.  Nor did he serve defendant directly with the Complaint or inquire if defense counsel would accept service on behalf of the defendant. Instead, plaintiff served the defendant through the Secretary of State on December 12, 2017.  ECF Dkt. No. 8.  Service did not include the Notice of Pretrial Conference, even though the Notice was issued on November 9.

Defendant's principal, Mr. Ahmetaj, learned of the Pretrial Conference through the Electronic Case Filing system ("ECF"), and appeared at 500 Pearl Street on January 19.  Defendant had not been informed by plaintiff's counsel that the Pretrial Conference had been adjourned, or that plaintiff intended to file a motion for default judgment.  Defendant's counsel submitted a letter to the Court on January 24, outlining the history of communication between the parties and requested that the Court order plaintiff to show cause why the plaintiff should not be required to post security for costs.  ECF Dkt. No. 11.

Also on January 24, about seven hours after the appearance of defense counsel's letter on ECF, Mr. Liebowitz filed a letter stating that the "parties have reached a settlement in

principle" and requested that the "Court administratively
dismiss the action with leave to reopen the case by April 1,
2018." ECF Dkt. No. 12. Accordingly, it is hereby

ORDERED that plaintiff's request to administratively
dismiss the case is denied. A status letter regarding this
action is due February 25, 2018.

IT IS FURTHER ORDERED that, by Friday February 2, 2018,
Richard P. Liebowtiz shall show cause why he should not be
sanctioned pursuant to Rule 11, Fed. R. Civ. P., and this
Court's inherent power for the following:

1) failure to serve the November 9, 2017 Notice of Pretrial
   Conference;

2) the misrepresentations and omissions in his January 13,
   2018 letter; and

3) costs needlessly imposed on the defendant.


Dated:    New York, New York
          January 26, 2018

                              _____
                                        DENISE COTE
                              United States District Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X 1:17-cv-8013

PAUL STEEGER,

                               Plaintiff,

      -against-

JMS CLEANING SERVICES, LLC

                               Defendant.
-------------------------------------------------------------------------X

## AFFIRMATION IN OPPOSITION TO ORDER TO SHOW CAUSE WHY RULE 11 SANCTIONS SHOULD NOT ISSUE

        I, STEPHANIE FURGANG ADWAR, an attorney at law, make the following statement under penalty of perjury:

        1.      I am a partner with the firm of Furgang & Adwar, L.L.P.  I make this affirmation upon my personal knowledge.  This affirmation is not intended to be an appearance in the action, but is made pursuant to NY ST RPC Rule 8.4 for the purpose of correcting the false and misleading assertions made by Mr. Leibowitz in his order to show cause why Rule 11 sanctions should not issue against him.

        2.      On January 25, 2018, this Court ordered Plaintiff's counsel to show cause why Rule 11 sanctions should not issue against him due to his failure to serve the Notice of Pretrial Conference, misrepresentations in his letter of January 13, 2018, and costs needlessly imposed upon the Defendant.  In doing so, Plaintiff's counsel made a number of misrepresentations and false allegations.  While our client is not able to afford our appearance in this matter, we have a duty of

-1-

candor to the Court and an ethical obligation to alert the Court that the facts as asserted by Mr. Leibowitz are erroneous. We do so without charge to our client and at our own expense.

3.    Mr. Leibowitz sets forth facts which he alleges not only support his failure to advise Defendant or its representatives about the Notice of Pretrial Conference, but also attempts to besmirch Defendant and present the Defendant as a purposeful service dodger who is responsible for additional costs incurred by Plaintiff. This is absolutely absurd and is contradicted by the facts.

4.    This is the case of a photograph of a leaf which Defendant downloaded from a free download site and put on its mom and pop office cleaning website to indicate "green" cleaning services. The copyright for the photo was not filed until well after the allegedly infringing use. There are numerous similar photos online that license for around $12.00, making this a de minimus case.

5.    Immediately upon receiving the draft complaint, Defendant took the picture down and asked an attorney who had helped Defendant with some business matters in the past, Bernard Weinreb, Esq., to contact Mr. Leibowitz to help settle the claim. He did so, but was not successful in settling the claim.

6.    Mr. Leibowitz represents to the Court that he asked Defendant's prior attorney to accept service on Defendant's behalf. This is accurate and can be evidenced by the email sent in September to Mr. Weinreb which is attached to Mr. Leibowitz' motion. However, as Mr. Leibowitz knows, the day after he requested that Mr. Weinreb accept service, Defendant hired new counsel to handle the matter. As Mr. Weinreb was no longer representing Defendant in this matter, he did not respond.

7.      On November 8, 2017, JMS Cleaning Services, LLC, retained my firm to review the dispute.  On that date, I telephoned Mr. Leibowitz *with my client in the room* and discussed possible settlement.  I offered a settlement figure that my client and I thought more than fair.  Mr. Leibowitz disagreed.  I told him to speak with his client as is his ethical duty and get back to me.  He agreed.

8.      Mr. Leibowitz erroneously represents that in our call of November 8, 2017, he asked if I would accept service on Defendant's behalf.  He alleges that I said that I would "check with my client concerning a counter-offer, as well as whether Defendant would be willing to waive service" and that he never heard back from me.   These representations are false.  While  I did tell Mr. Leibowitz that my client had not yet been served,  I received no response from him to such statement. And I did not need to check anything with my client about a settlement figure *or* service of process, because my client's principal was sitting not more than 2 feet from me during the entire call and Mr. Leibowitz had not left me with anything to ask.   The way I left it with Mr. Leibowitz was that *he* was to contact his client and get back to *me*.  That never happened. I never heard from him again.

9.      After November 8, 2017, my client, unable to afford to retain my services to appear in the action, decided to wait to either hear from Mr. Leibowitz regarding settlement or wait to be served.  Until served, Defendant had no obligation to do anything.

10.     Mr. Leibowitz describes how the  process server failed to find Defendant and therefore, recommended service of the Secretary of State.  However, a simple Google search provides Defendant's address on the HomeAdvisor.com site which appears on the first page of a search.  (See Google search pages attached hereto as Exhibit A).

11.     Mr. Leibowitz falsely represents that I accessed the ECF system on November 9, 2017, and learned of the Notice of Pretrial Conference.  This is incorrect and I never made any such

representation.  I did not access the ECF system for my client until early-December when Defendant

contacted me because it had still not been served, and to ask if Mr. Leibowitz had contacted me with

a response or counter-offer to our settlement offer.   It was at that time that I learned of  this Court's

Notice of Pretrial Conference for the first time.  At that time, Defendant did not believe it had been

served (indeed, it had not), and as Plaintiff had not responded to my settlement offer and had not sent

me or my client the Notice of Pretrial Conference as ordered by the Court, Defendant decided to

continue to wait for service.

      12.    Mr. Leibowitz, attempting to fault an unretained attorney for the mess his lack of

candor and games have caused, alleges that somehow this is our firm's fault for not accessing the

ECF system for "over two months" (between the dates he erroneously alleges I initially accessed the

site and January 12, 2018)  (emphasis in original).  This is irrelevant and incorrect.  It was about a

month later, on January 12, that my client called me and asked me to log in to ECF.  I did and saw

that the Affidavit of Service had been filed with the Secretary of State that day (had I logged in

earlier, I never would have seen that filing and would never have known that Defendant had been

served by serving the Secretary of State.). Mr. Leibowitz faults my firm for failing to contact him

immediately when we learned of the service of process.  However,  I did not learn of the filing until

late on Friday, the 12th,  and I left for Los Angeles for business on the morning of Sunday, the 14th.

As far as we knew, there was to be a conference before this Court on the 19th of January.  Since I was

out of the state on business until the 18th and my client could not afford my services, I recommended

that, at the very least, Defendant should go to the conference alone.   Had I known that the

conference had been adjourned I would have advised my client not to appear on the 19th.

13.     Mr. Leibowitz characterizes Defendant as a service dodger who has attempted to delay the proceedings which has resulted in an increase in Plaintiff's costs.  This is erroneous.  If that was Defendant's intent, it would not have had two different attorneys try to negotiate settlement and it would not have shown up at Court on the 19th for a conference that had been adjourned.

14.     As I have previously represented to this Court in my letter of January 24, 2018, our firm was retained as local counsel before Judge Abrams in another de minimus copyright case filed by Mr. Leibowitz.  In that case, Mr. Leibowitz also failed to serve the Notice of Pretrial Conference upon Defendant. (See letter to Judge Abrams attached as Exhibit B) And in that case, when Judge Abrams ordered Mr. Leibowitz to file an order to show cause why a bond should not issue to cover the costs of the case, he did not do so and, instead, dismissed the case.   My client had intended to address the Court on the 19th and request that a bond be issued for costs for this case, hoping for the same result.  Instead, the conference had been adjourned and Defendant never had an opportunity to present its argument before the Court.

15.     On January 24, 2018, I wrote the Court to advise of these circumstances and to request that a bond for costs be issued.  In response, Mr. Leibowitz contacted me and asked if we could settle the matter.  Interestingly, in that call I brought up to Mr. Leibowitz that he could have found my client's address with a simple Google search.  I also mentioned that he did not contact me to accept service of process.  He did not disagree but stated that he had no obligation to do so.  That was why I was surprised when he alleged in his motion that he asked for my permission to accept service.  I also reminded him in that call of his failure to serve the Notice of Pretrial Conference on Defendant and the fact that he did not bother to try to send it to me.  He, again, asserted that he had no such obligation.

16.     In that same call with Mr. Leibowitz, I advised him that his client did not have a claim for statutory damages or attorneys' fees because the Defendant had been using the photo since 2013, years before the filing of the copyright registration.  In response to this, Mr. Leibowitz asked me "am I supposed to take your word on that?"  I was surprised.  As litigators, we often use sites like the Wayback Machine, internet archive, which caches pages from websites routinely and from which factual allegations of timing can be checked.  A simple check of the Wayback Machine (which I sat on the phone and talked him through) showed that as of September 20, 2013, the photo was on the site (See page attached as Exhibit C ).  This means that Mr. Leibowitz filed a de minimus case with reckless disregard of the fact that his client would be limited to only actual damages.

17.     On January 24, 2018, Mr. Leibowitz advised the Court that the parties had reached a settlement in principle, and requested an administrative dismissal, although one of the terms of settlement were that a dismissal with prejudice be filed.

18.     In response to that letter, this Court, *sua sponte* ordered Mr. Leibowitz to show cause why sanctions should not issue against him.

19.     We respectfully request that the Court grant Defendant its costs and attorney's fees and renew the request that this Court order Plaintiff to show cause why a bond for costs should not be issued, or in the alternative, dismiss this matter outright.

 /Stephanie Furgang Adwar/
STEPHANIE FURGANG ADWAR
For the Firm
Furgang & Adwar, L.L.P.
2 Crosfield Avenue
West Nyack, NY 10994
(914) 353-1818

February 5, 2018

-6-

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP

YOUR COUNSEL MATTERS®
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
(818) 827-9000 Main
(818) 827-9099 Fax
www.bg.law

Jeffrey A. Kobulnick
(818) 827-9192 Direct
(818) 827-9025 Direct Fax
jkobulnick@bg.law

November 28, 2017

**VIA ECF**

Honorable Ronnie Abrams
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

Re:    *Al Pereira v. Kendall Jenner, Inc.*
**Docket N 1:17-cv-06945(RA)**
**Request for Telephonic Appearance at Initial Pretrial Conference on 12/1/17**

Dear Judge Abrams:

We represent the Defendant, Kendall Jenner Inc., in this action. As you know, pursuant to Your Honor's September 14, 2017 Order (Dkt. 7), an Initial Status Conference is scheduled for 2:15 p.m. on December 1, 2017. Pursuant to Your Honor's request, we are submitting this letter to request permission to attend the Initial Status Conference by telephone. Like Kendall Jenner Inc., we are located in Los Angeles. To the extent that the Court will require an in-person appearance at the hearing, we have recently retained local counsel in New York (Furgang & Adwar, L.L.P.) and should the Court require, they will be available to attend in person. (In the event that the Court requires attendance of local counsel, I would still like to also participate by phone, if possible.) I am in the process of obtaining a certificate of good standing from the California State Bar, at which time I will be filing an application for *pro hac vice* admission to this Honorable Court for this case.

As a preliminary matter, although this Court's Order of September 14, 2017 required Plaintiff to serve a copy of same on our office to inform Defendant of the Initial Status Conference, Plaintiff did not do so. We only learned about the Order and Initial Status Conference (and requirement to file a case management plan and Joint Letter) through our own due diligence by checking the Court's docket on November 13, 2017 (less than three weeks before the hearing, and after the deadline to have an early meeting of counsel as required under Fed. R. Civ. P. 26(f)), and immediately contacted Plaintiff's counsel Richard Liebowitz regarding same. Had we known at the time the September 14, 2017 Order was issued that the Court had set a hearing for December 1, 2017, arrangements could have been more easily made to plan to attend the hearing in person, and airfare travel costs to New York would likely have been less expensive with more advance notice.[1]

---

[1] Upon learning of the Order and Initial Status Conference, we also informed Plaintiff's counsel that we should have had an early meeting of counsel as required under Fed. R. Civ. P. 26(f). We followed up with Mr. Liebowitz to



Honorable Ronnie Abrams
United States District Court for the Southern District of New York
November 28, 2017
Page 2

  Further, and perhaps more importantly, and as set forth in Defendant's portion of the Joint Letter previously filed with the Court, under the Copyright Act the maximum amount which Plaintiff could possibly recover should it prove infringement (which we do not concede) is less than $100.  The cost that would need to be incurred by Defendant for counsel to appear in person (whether it be an attorney from our firm to travel to New York, or for local counsel already in New York to appear) at the Initial Status Conference far exceeds that possible recovery. Under the circumstances, Defendant respectfully requests that we be allowed to participate telephonically.

  Thank you for your consideration of the foregoing.

    Respectfully submitted,

    JEFFREY A. KOBULNICK

JAK:mab

---

again request an early meeting of counsel under Rule 26(f), however he has never responded to either of our requests.  To the extent the Court would like to review copies of our correspondence with Plaintiff's counsel, we would be glad to provide those.

1880683